IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. COHEN GROUP d/b/a LUXURYCHAIR.COM, a New York corporation,<br><br>    Plaintiff,<br>  v.<br><br>HERMAN MILLER, INC., a Michigan corporation, and DOES 1 through 100,<br><br>    Defendants. | No. C 05-4476 SI<br><br>**ORDER TRANSFERRING ACTION TO THE NORTHERN DISTRICT OF ILLINOIS** |

Defendant Herman Miller, Inc. has filed a motion to dismiss or in the alternative to transfer venue to the Northern District of Illinois. The Court deems this matter appropriate for submission without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing set for January 20, 2006 is VACATED. Having carefully considered the papers submitted, the Court hereby GRANTS the motion to transfer venue based on the first-to-file rule, and TRANSFERS this action to the Northern District of Illinois.

**BACKGROUND**

Plaintiff L. Cohen Group d/b/a LuxuryChair.com ("LuxuryChair.com") is "an e-commerce retailer of high-end office chairs, desks and accessories located on the World Wide Web at www.Luxurychair.com." Compl. at ¶ 6. Among the products that LuxuryChair.com sells on its website are office chairs manufactured by defendant, Herman Miller, Inc., including the Herman Miller Aeron chair. *Id.* at ¶ 10. To promote its website, LuxuryChair.com subscribed to the "Ad Words" program offered by Google, Inc., an Internet company headquartered in Mountain View, California, that operates the most popular Internet search engine in the United States. *Id.* at ¶ 8. LuxuryChair.com successfully

bid on right to have the third position in the "Sponsored Links" section when a computer user searched for the words "Aeron" or "Herman Miller." *Id.* at ¶ 11.

On August 18, 2005, Herman Miller filed suit against LuxuryChair.com in the Northern District of Illinois, bringing federal and state causes of action for patent infringement, counterfeiting, trademark infringement, false advertising, unfair competition, and trademark dilution. Decl. of D. Peter Harvey in Support of Def. Mot. ("Harvey Decl."), Exh. A. Herman Miller alleged that LuxuryChair.com sold chairs that infringed upon Herman Miller's patents, that it sold chairs that were counterfeit or materially altered without authorization, and that it sold used chairs without disclosing that they were used. *Id.* at 8-14. In addition, Herman Miller alleged that LuxuryChair.com had "purchased Herman Miller's AERON trademark as a keyword through Google's AdWords Internet advertising service" which exposed consumers to Herman Miller's "infringing and deceptive practices." *Id.* at 14. LuxuryChair.com answered Herman Miller's Illinois complaint on October 14, 2005. *Id.*, Exh. B.

On October 27, 2005, LuxuryChair.com received word that its agreement with Humanscale, a major seller of office furnishings, was being terminated. Compl. at ¶ 19; Decl. of Levi Cohen in Support of Pl. Oppo., Exh. D. LuxuryChair.com alleges that Humanscale decided to terminate the agreement because of a conversation the CEO of Humanscale had with a Herman Miller representative a few days earlier. Compl. at ¶ 19. According to LuxuryChair.com, the Herman Miller representative told Humanscale that LuxuryChair.com "sells used chairs marked as new," "sells counterfeit chairs," and "employs deceptive business practices." *Id.* Also on October 27, 2005, LuxuryChair.com received word that Google was terminating LuxuryChair.com's AdWords account based upon Herman Miller's allegations of trademark infringement. *Id.* at ¶ 21-22.

Based on these events, LuxuryChair.com filed the current suit against Herman Miller in California State court, seeking money damages and a declaratory judgment that it was not liable to Herman Miller for trademark infringement.[1] The same day, Herman Miller removed the action to this Court. Herman Miller now moves to dismiss the action, or in the alternative to transfer this action to

---

[1] LuxuryChair.com also sought a temporary restraining order in its state court action. The state court judge denied that request, although it is unclear if he did so before the case was removed to this Court. After the case was removed, LuxuryChair.com renewed its motion for a temporary restraining order. The parties arrived at a resolution, however, and LuxuryChair.com withdrew the motion.

the Northern District of Illinois.

## LEGAL STANDARD

Under the "first-to-file" rule, a district court has discretion to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule applies when "a complaint involving the same parties and issues has already been filed in another district." *Id.* at 625. The parties and issues need not be identical for the first-to-file rule to apply. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir.1997). Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Id.* The rule was designed to promote judicial economy, and therefore "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

## DISCUSSION

Courts look to three factors when applying the first-to-file rule: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). The Court finds that all three factors weigh in favor of transfer and that consolidation of the two actions, rather than dismissal of the current action, would lead to the most efficient resolution of this dispute. Accordingly, the Court GRANTS defendant's motion and TRANSFERS this action to the Northern District of Illinois.

**1.     Similarity of Parties**

From the face of both complaints, it is clear that the parties to both actions are for all intents and purposes identical. Indeed, the only difference between the named parties in both suits is the inclusion of Levi Cohen as a defendant in the Illinois action. This is a distinction without a difference, however, because Cohen is sued only in his capacity of "President and alter ego of L. Cohen Group." Harvey Decl., Exh. A, at ¶ 5.

LuxuryChair.com does not argue that the addition of Cohen in the Illinois action makes the

3

1 parties dissimilar. Instead, LuxuryChair.com argues that the parties are dissimilar because it has
2 included 100 "Doe" defendants in its lawsuit. The Court does not find this sufficient to prevent a
3 finding that the parties are effectively identical. LuxuryChair.com's claims against the Doe defendants
4 stem only from the allegedly wrongful statements made to Humanscale and Google. *See* Compl. at ¶¶
5 37-60 (including Doe defendants in causes of action for defamation, trade libel and disparagement,
6 interference with contractual relations, and interference with prospective economic advantage). Thus,
7 LuxuryChair.com has not pleaded any facts against the Doe defendants that it has not pleaded against
8 Herman Miller. Nor has LuxuryChair.com brought any additional causes of action against the Doe
9 defendants, who are in all likelihood employees of Herman Miller. Given the complete overlap of
10 LuxuryChair.com's allegations against Herman Miller and the Doe defendants, the Court finds that the
11 parties to this action are effectively identical to the parties to the Illinois action.

### 2.     Similarity of Issues

As with the parties, the issues presented by both lawsuits are both substantially similar and considerably intertwined. Both lawsuits stem directly from LuxuryChair.com's use of the Aeron and Herman Miller trademarks. For example, both complaints contain allegations of trademark infringement that are mirror images of each other: one of Herman Miller's primary causes of action alleges that LuxuryChair.com is infringing its trademarks, while LuxuryChair.com's first cause of action seeks a declaratory judgment that it has not infringed those trademarks. Thus, with respect to this issue, the complaints completely overlap.

LuxuryChair.com's allegations with respect to Humanscale are less similar, but are nonetheless strongly related to Herman Miller's claims. LuxuryChair.com alleges that Herman Miller made three allegedly wrongful statements to Humanscale: that LuxuryChair.com "sells used chairs marked as new," that LuxuryChair.com "sells counterfeit chairs," and that LuxuryChair.com "employs deceptive business practices." *See* Compl., at ¶ 19. These three statements, however, are taken directly from the allegations in Herman Miller's complaint. *See, e.g.*, Harvey Decl., Exh. A, at ¶¶ 40-46. The other cornerstone of LuxuryChair.com's lawsuit – the termination of its Google AdWords account – is also referenced in Herman Miller's complaint. *See id.* at 47-48. Thus, LuxuryChair.com's argument that

4

its lawsuit is based on different facts than Herman Miller's suit rings hollow.

LuxuryChair.com's second argument is that the issues in the two lawsuits are dissimilar because Herman Miller alleges patent infringement in its complaint. The Court does not find this argument convincing. The fact that Herman Miller's complaint contains additional causes of action does not detract from the fact that substantially all of the allegations in LuxuryChair.com's complaint stem directly from Herman Miller's complaint. Regardless of the claims for patent infringement, every issue in LuxuryChair.com's complaint in anticipated by the earlier-filed lawsuit. Thus, the Court finds that the issues presented by LuxuryChair.com's complaint significantly overlap with those in Herman Miller's lawsuit.

### 3. **Chronology of Actions**

LuxuryChair.com also argues that the Court should not apply the first-to-file rule because the two actions have different chronologies. LuxuryChair.com argues that Herman Miller's lawsuit is based upon events that transpired before it filed its complaint on August 18, 2005. In contrast, LuxuryChair.com's claims against Herman Miller did not accrue until October 27, 2005, after it had filed its answer in Illinois.

While LuxuryChair.com's argument is technically correct – aside from its declaratory judgment claim, LuxuryChair.com's claims against Herman Miller appear to have accrued after it filed its answer in Illinois – the Court cannot find that the differing chronologies control this action. To begin with, even by LuxuryChair.com's own admissions, its claims accrued a mere two weeks after it filed its answer. Given the extent to which LuxuryChair.com's claims are related to Herman Miller's claims, the Court has little doubt that LuxuryChair.com could have obtained leave to amend its answer to assert the newly accrued counterclaims. *See* Fed. R. Civ. P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires.").

More importantly, the narrow difference in chronology does not affect the extent to which these lawsuits are related. Although a number of LuxuryChair.com's causes of action may not have accrued until October 27, 2005, those causes of action remain closely related to the allegations in Herman Miller's Illinois compliant. Thus, the Court does not find that the slightly different chronologies of

5

these two actions is reason to decline to apply the first-to-file rule.

### 4.     Nexus to California

LuxuryChair.com's final argument is that this Court should retain jurisdiction because Herman Miller's actions have caused this case to have a "strong nexus" to California. The Court does not agree. The only relevant actor located in California, Google, is not a party to the action. The claims involving Google appear to have been temporarily resolved, given that the parties have allowed LuxuryChair.com to continue using its AdWords account during the pendency of this lawsuit.[2] The Court does not find the seven days during which LuxuryChair.com's advertisements were not available on Google to create any substantial nexus to California. In contrast, LuxuryChair.com's offices are in New York, Herman Miller's are in Michigan, and, according to their website, Humanscale's U.S. headquarters are in New York. Thus, California is far removed from the primary issues in this action.

The connection that this case has with California is simply too limited to overcome the other factors weighing in favor of a transfer. In light of the significant similarities that this case shares with the earlier-filed Illinois action, the Court believes consolidating the actions will substantially promote judicial economy and will lead to the most efficient resolution of the parties' competing claims.

///

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's

---

[2] When LuxuryChair.com withdrew its motion for a temporary restraining order, the Court was informed that the parties had reached a temporary resolution that would allow LuxuryChair.com to continue using its AdWords account on Google. The Court has since "googled" the word "Aeron" and has confirmed that LuxuryChair.com's sponsored link appears.

motion (Docket No. 18) and TRANSFERS this action to the Northern District of Illinois.[3]

**IT IS SO ORDERED.**

Dated: January 18, 2006

SUSAN ILLSTON
United States District Judge

---

[3] Because the Court transfers this case under the first-to-file rule, it does not reach defendant's argument that transfer would be appropriate under 28 U.S.C. § 1404(a).